# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BARRINGTON L. MYVETT,
  Appellant,

v.

COURT SERVICES AND OFFENDER
  SUPERVISION AGENCY FOR DC,
  Agency.

DOCKET NUMBER
DC-0752-12-0189-B-1

DATE: February 5, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Barrington L. Myvett, Washington, D.C., pro se.

Carrie Bland and Larry G. Ward, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1    The appellant has filed a petition for review of the remand initial decision, which sustained the appellant's removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the remand initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2       The agency removed the appellant on three charges: (1) mishandling of confidential agency information; (2) engaging in disruptive conduct; and (3) failure to cooperate during an agency investigation. Remand Appeal File (RAF), Tab 63 at 105-12, 146-51. The administrative judge found the appellant's subsequent appeal untimely filed and dismissed it on that basis, but the Board found that the appellant had timely filed his appeal at the wrong agency and remanded it to the regional office for adjudication on the merits. MSPB Docket No. DC-0752-12-0189-I-1, Initial Appeal File, Tab 14, Initial Decision; MSPB Docket No. DC-0752-12-0189-I-1, Petition for Review File, Tab 10, Remand Order (Jan. 14, 2013). After holding a hearing, the administrative judge sustained the agency's charges but not all of the specifications therein. RAF, Tab 190, Remand Initial Decision (RID) at 2-22. The administrative judge also found that the appellant failed to establish his affirmative defenses of retaliation for prior equal employment opportunity (EEO) activity, sex discrimination based on disparate treatment, hostile work environment, harmful error, and violation of due process. RID at 22-33. Lastly, the administrative judge determined that the

agency established a nexus between its action and the efficiency of the service and did not abuse its discretion in selecting the penalty of removal. RID at 33-37.

¶3      In his petition for review, the appellant argues that the administrative judge was too lenient in sanctioning the agency, questions some of the administrative judge's fact finding, and disagrees with the disposition of his affirmative defenses. Petition for Review (PFR) File, Tab 3. The agency did not respond. With his petition for review, the appellant provides several documents, including a blank performance appraisal form, the March 22, 2012 affidavit of the Director of the agency's Office of Professional Responsibility (OPR), a December 17, 2007 memorandum from the agency's Associate Director of Community Supervision Services, and an agency EEO complaint form he signed on February 9, 2012.[2] *Id.* at 10-26. He does not assert, nor does it appear, that any of these documents were unavailable despite his due diligence before the record closed below. Under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence.

¶4      Sanctions may be imposed upon a party for failure to follow the Board's regulations. *Williams v. Office of Personnel Management*, 71 M.S.P.R. 597, 603 (1996), *aff'd*, 119 F.3d 16 (Fed. Cir. 1997) (Table). The Board's regulations authorize an administrative judge to impose sanctions upon a party "as necessary to serve the ends of justice," within her sound discretion; such a determination will only be reversed upon a showing that the administrative judge abused that considerable discretion. *See, e.g.*, *Pecard v. Department of Agriculture*, 115 M.S.P.R. 31, ¶ 18 (2010) (denial of sanctions is subject to the abuse of

---

[2] The appellant also includes copies of email correspondence regarding the difficulty he experienced with the Board's e-appeal system in filing his petition for review. PFR File, Tab 3 at 27-30. Although the appellant filed his petition for review on the day after it was due, he has documented his attempt to file it on the due date, as well as his difficulty with the Board's e-appeal system. *Id.* at 27-30. We therefore find good cause for the appellant's brief delay in filing his petition for review.

discretion standard of review); 5 C.F.R. § 1201.43. Moreover, the abuse of discretion standard is "a very high standard" which allows for "great deference." *Lipscomb v. Department of Defense*, 69 M.S.P.R. 484, 487 (1996).

¶5        The record reflects that the appellant made numerous motions to compel and to sanction the agency and that the administrative judge ultimately granted the appellant's motion for sanctions, despite her finding that the appellant was not prejudiced by the agency's untimely responses. *See* RAF, Tab 178 at 2.  In his petition for review, the appellant challenges the administrative judge's sanction, which forbade the agency from admitting any further documents, *see id.*, because he instead sought an adverse inference against the agency for its noncompliance, PFR File, Tab 3 at 5.  Although the appellant asserts that the agency failed to produce two EEO investigation reports, he describes only one,[3] the report of an investigation conducted in February-April 2012, pertaining to the May 2007 hostile work environment claim that led to criminal charges against him.[4]  *Id.* at 6.  The record contains the report of an investigation conducted in a different time frame, March-June 2008, which does not specifically address the May 2007 episode to which the appellant refers.  *See* RAF, Tab 59.  Nevertheless, the administrative judge noted in her September 13, 2013 order that discovery had concluded in this matter.  *See* RAF, Tab 166 at 2.  Although the appellant made subsequent submissions in which he complained that the agency had failed to produce other documents, *e.g.*, RAF Tab 168 at 3, he did not do so regarding the EEO investigation reports and his submissions instead indicate that he possessed the reports he sought, *e.g.*, RAF Tabs 171, 174.  Moreover, the record includes

---

[3] The appellant appears to indicate that the agency produced one of these reports "almost a year later," but he provides no further information.  PFR File, Tab 3 at 5.

[4] The appellant also asserts that an email message from an agency witness "clearly states" that the incident was not investigated, but he does not cite to an email message but to the OPR Director's affidavit mentioned above.  PFR File, Tab 3 at 6, 21-23.  Nevertheless, the appellant's assertions in this regard cast doubt on his insistence that there is an unproduced EEO report of investigation rather than just an unorganized assortment of memoranda and reports about the incidents involved.

several documents regarding the episode in which the agency placed the appellant on administrative leave, barred him from its facilities, and had him arrested when he subsequently tried to enter one of those facilities, notably including the District of Columbia Metropolitan Police Department's arrest report.  *E.g.*, RAF, Tab 63 at 95-102.

¶6        Importantly, the initial decision reflects that the administrative judge did not sustain several specifications of the agency's second charge because she found that it was unclear whether the agency ever provided the appellant with the statements of the relevant witnesses or gave him an opportunity to respond to the OPR investigation involved.  RID at 19.  Specifically, the administrative judge declined to sustain the specifications in which the agency alleged that the appellant lurked in an unnamed employee's cubicle, that he repeatedly telephoned an agency office without identifying himself, or that he cryptically told a coworker that "something was going to happen in two weeks."  RID at 19.  The administrative judge's decision not to sustain those specifications addressed many, if not all, of the appellant's contentions regarding the agency's discovery response and effectively granted the adverse inference that the appellant requested, at least pertaining to those specifications.[5]  Accordingly, we find that the administrative judge did not abuse her considerable discretion concerning discovery and sanctions in this matter.

¶7        The administrative judge nevertheless sustained the agency's second charge because the remaining specifications that the agency proved were sufficient to sustain the overall charge, i.e., Engaging in Disruptive Conduct Which Affected the Work Environment.  RID at 9-20 (citing *Crawford-Graham v. Department of Veterans Affairs*, 99 M.S.P.R. 389, ¶ 19 (2005) (proof of a single specification is sufficient to prove the underlying charge)).  Importantly, the administrative judge

---

[5] The administrative judge's determination in this regard also addresses the violation of due process that the appellant claims in his petition for review.  *See* PFR File, Tab 3 at 8-9.

noted that the appellant did not specifically deny the charge, and he neither testified nor did he call any witnesses to rebut the testimony she cited in support of her findings. RID at 19. We agree with the administrative judge's decision to sustain the remaining specifications, as well as with her determination that the sustained specifications are sufficient to establish that the appellant engaged in disruptive conduct as alleged and to sustain the charge at issue.

¶8 The appellant also raises the issue of laches, asserting that the agency did not issue its notice of proposed removal by December 28, 2007. PFR File, Tab 3 at 6. Laches is an equitable defense that bars an action when an unreasonable delay in bringing the action has prejudiced the person against whom the action is taken. *E.g.*, *Hoover v. Department of the Navy*, 957 F.2d 861, 863 (Fed. Cir. 1992). The party asserting laches must prove both unreasonable delay and prejudice. *Id.* The administrative judge found that the appellant failed to demonstrate that the agency's alleged delay prejudiced him. RID at 27-28. In his petition for review, the appellant again claims that the agency's delay in issuing its notice of proposed removal prejudiced him. *See* ID at 27-28; *see also* PFR File, Tab 3 at 6. In support of his claim of prejudice, the appellant cites the sanctions that the administrative judge placed on the agency for its delay in responding to his discovery requests, claims that a number of unnamed agency witnesses could not remember events, and asserts that his supervisor did not remember the identity of an employee who had accused the appellant of lurking around her desk. PFR File, Tab 3 at 6. As noted above, the administrative judge ultimately sanctioned the agency for its untimely discovery responses and specifically did not sustain the specification in which the agency alleged that the appellant lurked around his coworker's desk. Moreover, even if, as the appellant alleged, the agency unreasonably delayed proposing his removal, the appellant has failed to demonstrate that such delay prejudiced him.

¶9 Next the appellant argues that his January 6, 2008 satisfactory performance appraisal, particularly respecting confidentiality and working with others, is

inconsistent with sustaining the first and second charges, Mishandling Confidential Agency Information and Engaging in Disruptive Conduct Which Affected the Work Environment. PFR File, Tab 3 at 6-7; *see* RAF, Tabs 31-41. As noted above, the performance appraisal form that the appellant filed with his petition for review is blank. *See* PFR File, Tab 3 at 10-20. Although the appellant claims that the pertinent performance appraisal "is already in the system," the appellant does not identify whether that performance appraisal is a part of the record and, if so, where in the record it may be found. *Id.* at 6-7. Regarding the first charge, the appellant argues that his satisfactory performance appraisal in the critical elements of Subject Matter Knowledge and Information Management precludes the administrative judge from finding that he mishandled confidential agency information. *Id.* Concerning the second charge, the appellant contends that his satisfactory performance appraisal on the critical element of Interpersonal Skills precludes the administrative judge from finding that he engaged in disruptive conduct which affected the work environment. *Id.* at 7. However, the appellant fails to identify a satisfactory performance appraisal in the record that coincides with the time frames identified in the agency's notice of proposed removal, i.e., December 2006-May 2007. *See* RAF, Tab 63 at 105-12. Additionally, the fact that the appellant previously (or subsequently) received a satisfactory performance appraisal in an element pertinent to the charges in this matter does not mean that he did not commit the specific misconduct which the administrative judge found that the agency established by preponderant evidence.[6]

---

[6] To the extent the appellant did receive a satisfactory January 6, 2008 performance appraisal, it would not provide a basis for disturbing the administrative judge's determination that the agency's penalty promoted the efficiency of the service. In relevant part, while improvement in the appellant's conduct relating to the charged misconduct might be considered to be a mitigating factor, *see, e.g.*, *Adams v. Department of Labor*, 112 M.S.P.R. 288, ¶¶ 19, 21 (2009), it would not outweigh the aggravating factors in this case.

¶10 Citing text from a decision on his EEO complaint, and claiming that the instant matter is a continuation of that case, the appellant asserts that the administrative judge failed to rule on any of his affirmative defenses. PFR File, Tab 3 at 8-9. The appellant cites text that indicates that the decision on that EEO complaint was a default judgment. *Id.* at 9. As such, there was no decision on the specific merits of the appellant's discrimination claims. Moreover, the remand initial decision reflects that the administrative judge considered, and ruled on, the appellant's affirmative defenses. RID at 22-33. Further, with regard to the appellant's discrimination and retaliation defenses, we agree with the administrative judge that the agency established that it had a legitimate nondiscriminatory reason for the appellant's removal and that its reason for doing so was neither false nor pretextual. *See* RID at 24-25. We also agree that the appellant failed to establish that the agency subjected him to a hostile work environment or that it committed harmful error or violated the appellant's due process in the events at issue in this matter. *See* RID at 26-33. Lastly, although the appellant does not specifically challenge the finding, we agree with the administrative judge that the agency established a nexus between the appellant's misconduct and the efficiency of the service, that the deciding official considered the relevant factors, and that the penalty is reasonable given the facts and circumstances presented. RID at 33-37.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims: Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:          _____
                                          William D. Spencer
                                          Clerk of the Board

Washington, D.C.